Not for Publication

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**HELLMAN WORLDWIDE LOGISTICS INC. and X-PORT SERVICES, INC.,**<br><br>**Defendants.** | Civil Action No.: 19-cv-21138 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

This matter arises out of damage to a shipment of Shiseido Americas Corporation and/or its subsidiary Bare Escentuals Beauty Inc.'s (together, "Shiseido") cosmetic products (the "Cargo") allegedly sustained during transport thereof by Hellman Worldwide Logistics, Inc. ("Hellman") and X-Port Services, Inc.'s ("X-Port", and, together with Hellman, "Defendants"). Before the Court is plaintiff Mitsui Sumitomo Insurance Company of America's ("Plaintiff") motion (the "Motion") for default judgment against X-Port pursuant to Rule 55 of the Federal Rules of Civil Procedure. (D.E. No. 10). The Court has considered Plaintiff's submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's Motion is GRANTED.

**I.    BACKGROUND**

    **A.    Factual Background**

Defendant Hellman is a carrier, third-party logistics provider, freight forwarder, and/or indirect air carrier of goods for hire organized under the laws of Delaware with a principal place

of business in Edison, New Jersey. (D.E. No. 1, Complaint (or "Compl.") ¶ 6). In December 2017, Hellman entered into an agreement with Shiseido whereby Hellman agreed to provide or otherwise arrange for the transportation of the Cargo from Pennsylvania to China via Newark International Airport. (*Id.* ¶¶ 5 & 8). Defendant X-Port, a registered interstate motor carrier organized under the laws of New Jersey with a principal place of business in Linden, New Jersey, was subsequently contracted to transport the Cargo via motor carriage from Pennsylvania to New Jersey. (*Id.* ¶¶ 7 & 10).

Plaintiff is an insurance company incorporated under the laws of, and with a principal place of business in, New York. (*Id.* ¶ 4). At all relevant times, Plaintiff provided insurance coverage to Shiseido pursuant to an all-risk ocean cargo policy. (*Id.* ¶¶ 4-5; D.E. No. 10, Declaration of Jianping Chen in Support of Motion for Default Judgment ("Chen Decl.") ¶ 3 & Ex. 1). The insurance policy extended coverage to Shiseido's merchandise while in transit within the continental United States subject to a $10,000 deductible. (Chen Decl. ¶ 5).

Shiseido tendered the Cargo to Defendants for transport in Pennsylvania in good order and condition. (Compl. ¶ 11). However, upon the Cargo's arrival in Linden, New Jersey, Defendants discovered that the Cargo had been physically damaged during transport, resulting in the loss of $44,513.00 worth of goods. (*Id.* ¶ 12). Thereafter, Shiseido was notified of the damage to the Cargo and Defendants were notified of Shiseido's claims with respect thereto. (*Id.* ¶ 13). Shiseido submitted a claim to Plaintiff for the loss or damage to the Cargo sustained during its transport by Defendants under the policy. (*Id.* ¶ 5). Plaintiff then reimbursed Shiseido in the amount of $34,513.00, equal to the loss or damage to the Cargo minus the applicable $10,000 deductible. (*Id.*).

### B. Procedural History

On December 6, 2019, Plaintiff brought this subrogation action against Defendants seeking to recover the value of the damaged Cargo. Hellman and X-Port were served with the Summons and Complaint on February 24, 2020, at their offices in Edison, New Jersey and Linden, New Jersey, respectively, where copies thereof were left with a person authorized to accept such service on behalf of each respective Defendant. (D.E. Nos. 4 & 5). X-Port did not make any appearance in this action and did not answer or otherwise respond to the Complaint. As a result, on May 12, 2020, Plaintiff requested the Clerk of the Court enter a default against X-Port for its failure to plead or otherwise defend, which was entered the following day. (D.E. No. 6).

On July 16, 2020, Plaintiff entered into a settlement agreement with Hellman pursuant to which Hellman paid Plaintiff a sum of $21,000.00, in exchange for a release of all claims against Hellman arising out of the transportation of the Cargo and dismissal from this action with prejudice. (Chen Decl. ¶ 11 & Ex. 8). The settlement expressly preserved Plaintiff's claims against X-Port. (Chen Decl., Ex. 8).

Plaintiff now seeks entry by the Court of a default judgment against X-Port as well as damages in the amount of $13,513.00, representing the value of the damaged Cargo, minus the applicable deductible and the proceeds of the settlement with Hellman.

## II. LEGAL STANDARD

A district court may enter a default judgment against a party who has failed to plead or otherwise respond to the action filed against them. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, the plaintiff must first request an entry of default by the Clerk of the Court. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d

Cir. 2006). Once the Clerk has entered default, the plaintiff must then file a motion with the district court requesting entry of a default judgment.

"[E]ntry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). If the Court has jurisdiction over the parties, it must then determine "(1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

### III. DISCUSSION

#### A. Jurisdiction

Before the Court may consider whether entry of a default judgment is warranted against X-Port, it has an affirmative obligation to ensure that it has both subject matter and personal jurisdiction over the claims and parties in this action.

Here, the Court is satisfied that jurisdiction is proper. First, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claim raised in the Complaint arises under federal common law and implicates clear federal interests regarding the regulation of interstate shipping and commerce.[1]  *See Acevedo v. Federal Express Corp.*, No. 10-4046, 2011 WL 1467197, at *1–2 (D.N.J. Apr. 18, 2011).

---

[1] The claim relates to the liability of ground carriers with respect to goods damaged during interstate shipping or transport– a question typically governed by the Carmack Amendment, 49 U.S.C. § 14706. However, because the Complaint alleges that transportation of the Cargo was to include air carriage from Newark, New Jersey to China, the Carmack Amendment does not apply, and the claim is governed by federal common law instead. 49 U.S.C. §

4

Second, the Court has personal jurisdiction over X-Port. The Complaint alleges that X-Port is a New Jersey corporation with a principal place of business in New Jersey, and the claim raised therein arises out of X-Port's transportation of the Cargo in New Jersey. (Compl. ¶ 7). Moreover, X-Port was properly served with process at its office in Linden, New Jersey. *Qinqwei Ma v. Chef Jon's Authentic Chinese Cuisine*, No. 17-7379, 2020 WL 6111037, at *2 (D.N.J. Oct. 16, 2020).

B.  **Proof of Service**

The Court finds that X-Port was properly served with process. Plaintiff submitted an affidavit of service stating that a copy of the Summons and Complaint was served on an agent authorized to accept service on behalf of X-Port at its office in Linden, New Jersey. *See* Fed. R. Civ. P. 4(e); (D.E. No. 5).

C.  **Sufficiency of Allegations**

A plaintiff is not entitled to entry of a default judgment as a matter of right. *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *1 (D.N.J. Jan. 22, 2015). Rather, the Court may only enter default judgment if "[P]laintiff's factual allegations establish the right to the requested relief." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924835, at *3 (D.N.J. Mar. 19, 2012) (quotations omitted). In determining whether Plaintiff has satisfied its burden, "the factual allegations of the [C]omplaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.3d 1142, 1149 (3d Cir. 1990)). The Court must then

---

13506(a)(8)(B) (exempting from jurisdiction of Secretary of Transportation "transportation of property (including baggage) by motor vehicle as part of a continuous movement which, prior or subsequent to such part of the continuous movement, has been or will be transported by an air carrier or . . . by a foreign air carrier"); *see Royal & Sun Alliance Ins. PLC v. Rogers Transp. Mgmt. Servs., Inc.*, 737 F. Supp. 2d 154, 158 n.31 (S.D.N.Y. 2010) (noting that the Carmack Amendment "is inapplicable where the transport at any stage includes air carriage" and finding that, therefore, "federal common law applies").

make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action' and 'must make an independent determination' regarding questions of law." *Ramada Worldwide*, 2012 WL 924835, at *2 (quoting *Days Inn Worldwide Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007)).

To state a claim under federal common law against a motor carrier for the value of lost or damaged goods, Plaintiff must allege (i) delivery of the goods to the carrier in good condition; (ii) damage of the goods before delivery to their final destination; and (3) the amount of damages. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015).[2] Plaintiff has adequately alleged that the Cargo was provided to X-Port in good order and condition. (Compl. ¶ 11). Further, Plaintiff has adequately alleged that the Cargo was damaged during ground transport by X-Port prior to its arrival at Newark International Airport or its final destination in China. (*Id.* ¶ 12). Finally, as discussed below, Plaintiff has adequately proven the amount of its damages.

### D.   Propriety of Default Judgment

In determining whether entry of default judgment is proper, the Court must make "factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, all three considerations support granting default judgment. First, based on the facts alleged in the Complaint and in the absence of any responsive pleading, there is no basis to believe that X-Port

---

[2] Although this test is used to establish liability under the Carmack Amendment, it has been applied with respect to claims brought under federal common law where the Carmack Amendment is inapplicable. *See Nipponkoa Ins. Co. v. Towne Air Freight, LLC*, No. 08-976, 2009 WL 3257868, at *4 (E.D. Mo. Oct. 7, 2009). The Court sees no reason to deviate from this established test merely because the planned air transportation of the Cargo takes Plaintiff's claim against X-Port, as a motor carrier, outside the purview of the Carmack Amendment.

would have a meritorious defense to the claim. *Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Second, Plaintiff will suffer prejudice unless default judgment is entered because, due to X-Port's failure to respond, Plaintiff has no alternative means of seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that the plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm caused by [d]efendant"). Finally, the Court finds that X-Port is culpable for defaulting in this case because it has not responded or appeared in this action despite having been adequately served with process over eighteen months ago. *See Triboro Hardware & Indus. Supply Corp. v. Greenblum*, No. 19-13416, 2020 WL 7074383, at *6 (D.N.J. Dec. 3, 2020).

      **E.**      **Damages**

"While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgement." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (internal quotation marks and alterations omitted). Here, Plaintiff has submitted adequate proof of the $13,513.00 in damages it seeks against X-Port. The damaged Cargo was comprised of four bulk drums of cosmetics. (Chen Decl. ¶ 6). According to the commercial invoice and freight manifest for the shipment of the Cargo, which were attached to the Chen Declaration, the four bulk drums which were damaged during transit weighed a total of 700kg and were worth $63.59 per kg, representing

a total loss of $44,513.00. (*See id.*, Exs. 2–3).[3] Also attached to the Chen Declaration were (i) a copy of the renewal certificate for the cargo insurance policy between Plaintiff and Shiseido, (Chen Decl., Ex. 1); (ii) a Statement of Adjustment indicating that the amount payable under the insurance policy from Plaintiff to Shiseido for the damaged Cargo was $34,513.00, representing the $44,513.00 worth of Cargo damaged in transit minus the applicable $10,000 policy deductible, (Chen Decl., Ex. 5); (iii) a copy of a check issued by Plaintiff to Shiseido for $34,513.00, (Chen Decl., Ex. 7); and (iv) a copy of a subrogation receipt signed by representatives of Shiseido acknowledging Plaintiff's subrogation rights in exchange for payment of Shiseido's insurance claim, (Chen Decl., Ex. 6). Finally, Plaintiff submitted a copy of its settlement agreement with Hellman, which states that Hellman paid $21,000.00 to Plaintiff in exchange for a release of all claims against it and expressly preserves Plaintiff's right to recover on its claims against X-Port. (Chen Decl., Ex. 8). Deducting the $21,000.00 settlement payment from Hellman from the $34,513.00 payment made by Plaintiff in satisfaction of Shiseido's insurance claim, results in $13,513.00 in outstanding damages recoverable against X-Port.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion is GRANTED. The Court will enter default judgment against X-Port in the amount of $13,513.00. An appropriate order follows.


Date: September 20, 2021                                                            *s/ Esther Salas*
                                                                                   **Esther Salas, U.S.D.J.**

---

[3]      A smaller fifth drum of cosmetics was also included in the shipment but was apparently undamaged. (Mot. at 6; Chen Decl. ¶ 7 & Exs. 2-3).